IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    vs.<br><br>ANTHONY L. AUSTIN<br>a/k/a WA'IL MANSURE MUHANNAD,<br><br>                  Defendant. | 8:88CR102<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on defendant's motion for a preliminary injunction and declaratory relief, Filing No. 163; motion for preliminary injunction, Filing No. 174; motion to expedite, Filing No. 176; and motion to dismiss detainer and for release, Filing No. 177. In 1989, the defendant was convicted of making a false statement in connection with a firearms purchase in violation of 18 U.S.C. § 922(g)(1). The court determined he was an armed career criminal as set forth in 18 U.S.C. § 922(e). He received a sentence on Count I of five years and on Count II of 15 years. These sentences were to run consecutively to each other and to a state sentence which he was required to serve. The defendant did appeal his conviction and sentence, but the Eighth Circuit affirmed. *United States v. Austin*, 915 F.2d 363 (8th Cir. 1990).

## BACKGROUND

      The Bureau of Prisons released defendant from federal prison on June 30, 2006. This was a non-guideline case, so there was no supervised release. Additionally, he was not placed on parole. His discharge from prison was pursuant to the "mandatory release" set forth in 18 U.S.C. § 4163. Although not "on parole," the defendant was deemed to have been released "as if released on parole" pursuant to 18 U.S.C.

§ 4164[1], and he has remained under the supervision of the United States Parole Commission since his release. His criminal case has otherwise concluded.

However, on January 26, 2011, the Omaha Police Department arrested the defendant and charged him with sexual assault on a child. On February 4, 2011, the United States Parole Commission then issued a warrant contending that the new charges violated the terms of his release. The warrant was lodged as a detainer.

Defendant moves this court to grant his declaratory judgment motion, finding that the United States Parole Commission exceeded its statutory authority in violation of 18 U.S.C. § 4201. Defendant contends that the United States Parole Commission is without authority to so supervise him and asks this court to dismiss the pending warrant. The government disagrees.

## JURISDICTION

The government first argues there is no basis for jurisdiction in this case. With regard to jurisdiction under the Declaratory Judgment Act, the government contends that jurisdiction does not exist. "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil v. Phillips Petroleum,* 339 U.S. 667, 671 (1950) (citations omitted). Thus, the government contends that

---

[1] Section 4164 states: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

2

because the defendant cannot point to any jurisdictional basis, he has no basis for a declaratory judgment action. The court will now determine if there is a basis for jurisdiction.

The government contends that the defendant's criminal case has ended, his appeals have run, and there is no 28 U.S.C. § 2255 or 28 U.S.C. § 2241 motion pending. Thus, there is no jurisdiction under either of these statutes. However, defendant notes that the court can "re-characterize" the motion as being made under 28 U.S.C. § 2241 after giving the litigant an opportunity to contest the re-characterization, or to withdraw or amend the motion. *Castro v. United States*, 540 U.S. 375 (2003). The defendant has indicated he has no objection to such re-characterization. Filing No. 173 at ECF p. 4, Defendant's Brief. At the least, the defendant argues he should be treated as though he is in custody for purposes of § 2241, as he has been treated as if on parole. *See Sargis v. U.S. Bd. of Parole*, 391 F. Supp. 362, 365 (E.D. Mo. 1975) citing *Jones v. Cunningham*, 371 U.S. 236 (1963) ("subject to . . . conditions which operate as a restraint upon his freedom, he is sufficiently in the custody of the Government to have standing to petition this Court for a writ of habeas corpus."). The court agrees. For purposes of this motion, the court finds that defendant is in custody, as he is in fact subject to the conditions of being treated as if on parole.[2]

## MERITS

In the alternative, the government argues that even if this court finds it has jurisdiction, the defendant loses on the merits in any event. Defendant, however,

---

[2] In the alternative, the other possibility for jurisdiction asserts the defendant is under the Administrative Procedure Act, 5 U.S.C. § 701-08 ("APA"). *See Hurley v. Reed*, 288 F.2d 844, 848-49 (D.C. Cir. 1961) (declaratory relief available under APA to challenge decisions or actions of the United States Parole Commission). Because the court has already determined that there is jurisdiction under § 2241, it need not decide this issue at this time.

3

argues that he was placed on parole after his release from prison. The government contends this is not true, as parole is forbidden under 18 U.S.C. § 924(e). Once discharged pursuant to the mandatory release provision of 18 U.S.C. § 4163, the defendant "shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred eighty days." 18 U.S.C. § 4164. The statute references "release as if on parole" in 18 U.S.C. § 4209(c). Further, "in every case, the Commission shall impose as conditions of parole that the parolee not commit another Federal, State, or local crime." 18 U.S.C. § 4209(a). Also, release as if on parole can be revoked if the offender violates the conditions of release. 18 U.S.C. § 4214(d)(5).

      Defendant argues that he is not an "eligible prisoner" because he was never eligible for parole. Thus, he cannot be a parolee. The government disagrees, and states that under § 4201(5) "'[p]arolee' means any eligible prisoner who has been released on parole or deemed as if released on parole under section 4164 or section 4205(f)." 18 U.S.C. § 4201(5). *See, e.g.*, *Jackson v. U.S. Parole Com'n*, 131 F.3d 143, 1997 WL 719030 (8th Cir. 1997) (unpublished) (where plaintiff who was not eligible for parole received a mandatory release pursuant to 18 U.S.C. § 4164, and after release was arrested on new state charges; parole commission filed a detainer; defendant argued no jurisdiction as he was not on parole; Eighth Circuit rejected these arguments and found the parole commission had the authority to supervise the defendant). The same result has occurred in two other circuits where the courts have determined that offenders convicted of "nonparolable" offenses are still under supervision following

4

mandatory release pursuant to 18 U.S.C. § 4164. *Leyvas v. Harris*, 428 F.2d 366, 367 (7th Cir. 1970); *Combs v. Carroll*, 446 F.2d 893, 894 (5th Cir. 1971).

The court finds the defendant was released as if he was on parole until the expiration of his original sentence, less the 180 days. As a result, defendant's argument is without merit. The defendant was clearly subject to the supervision of the parole board until this time had passed. Thus, the parole commission was entitled to place a detainer on the defendant.

THEREFORE, IT IS ORDERED that defendant's motion for preliminary injunction, Filing No. 163, is denied; motion for preliminary injunction, Filing No. 174 is denied; motion to expedite, Filing No. 176, is denied; and motion to dismiss the detainer and for release, , Filing No. 177, is denied.

Dated this 31st day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge